EDWIN R. DAVIS, RESPONDENT, v. ELKAY REALTY COMPANY, APPELLANT.

Submitted December 6, 1923—Decided June 25, 1924.

1.  A lease of an apartment was made by defendant to plaintiff for the term of one year, commencing at a future date, and plaintiff paid one month's rent upon the execution of the lease. Subsequently, and before the beginning of the term, and before plaintiff entered into possession, the parties, by mutual agreement, written on the lease, terminated it in the following language: "The landlord shall not be liable to give possession or perform any of its agreements; the tenant shall not be required to pay any rent or perform any of his agreements." Plaintiff then sued to recover the money he had paid, and secured a judgment. *Held*, that the only permissible inference to be drawn from the cancellation agreement is that the parties mutually agreed to be restored to the same position they occupied before entering into the lease, and this could only be accomplished by the defendant returning to the plaintiff the money paid as rent.

2.  The principle that where there has been a part performance on a contract, and there is no provision therein for the return of part payments or compensation for part performance, there can be no recovery, does not apply where there has been no part performance of a lease.

On appeal from the East Orange District Court.

Before Justices KALISCH and KATZENBACH.

For the appellant, *Kanter & Kanter.*

For the respondent, *J. Harry Henegan.*

The opinion of the court was delivered by

KALISCH, J.   The appellant appeals from a judgment, rendered against him in favor of the respondent, in the District Court of the city of East Orange, the court sitting without a jury.

The plaintiff's claim, which eventuated in a judgment against the defendant, grew out of the following proven facts: On August 14th, 1922, a lease was executed by the defendant to the plaintiff, whereby the former let to the

latter an apartment at 329 Park avenue, in East Orange, for the term of one year, commencing from October 1st, 1922, to October 1st, 1923, at the annual rent of $1,860, payable in equal monthly installments of $155 on the first day of each and every calendar month in advance. Upon the execution of the lease the plaintiff paid to the defendant the sum of $155, receiving therefor from the defendant a receipt, which reads as follows:

"The landlord hereby acknowledges the receipt of one hundred and fifty-five ($155) dollars, the first month's rent under the terms above written."

Subsequently, on August 30th, 1922, the parties to the lease met and entered into an agreement written on the lease, which reads as follows:

"East Orange, N. J., August 30th, 1922.

"The parties to the within agreement agree that the within lease shall be terminated. The landlord shall not be liable to give possession or perform any of its agreements; the tenant shall not be required to pay any rent or perform any of his agreements. Lease is surrendered."

This agreement was subscribed by both of the parties.

The plaintiff made a demand for the return of $155 paid by him to the defendant for the first month's rent under the terms of the lease, with which demand the defendant refused to comply. Thereupon the plaintiff instituted the action against the defendant to recover the sum so paid, which action resulted in the judgment now under review.

At the close of the case a motion was made on behalf of the defendant for a judgment in his favor. This was denied and an exception was noted. For the appellant it is argued that from the mere cancellation of the lease by mutual consent no legal obligation was imposed upon the defendant to return the plaintiff the $155 which was paid by the latter to the former. That in order for the plaintiff to be entitled to a recovery there must be testimony tending to show that at the time of the cancellation there was an express or implied promise on the part of the landlord to return to the tenant

the rent which was paid by him under the lease. That there being no such testimony, the trial judge could not properly give judgment for the plaintiff. Counsel of appellant, in his brief, says that there is no decision by our courts on the subject of this state, and refers to 3 *Williston Cont.* 3146, § 1827, where that learned author says: "Where at the time of rescission of a bilateral contract it has been partly performed on or both sides, the parties may agree simply to forego further performance and let past matters stand where they are, or they may agree, not only to forego future performances, but to restore the original status by returning payments already made or paying for other performance which has been rendered. Which of these contracts to the parties in a particular case have been made can depend on no rule of law, but on a determination of what the terms of their contract in fact were, and if that contract, while providing for cessation of further performance, does not provide for the return of past payments or compensation for past performance, there can be no recovery of such payments or compensation, for the burden of proving any right is on one who asserts it."

The principle enunciated, concretely stated, depends on the terms of the contract. Where there has been part performance, and there is no provision for the return of past payments or compensation for past performance, there can be no recovery.

In attempting to apply this declaration to the facts here it at once becomes evident that the present case does not fall within the class of cases which preclude a recovery. In the first place, there was no part performance of the lease. The plaintiff's right to go into possession became only vitalized on the 1st day of October, 1922. The lease was executed on August 14th, 1922, and was canceled on August 30th, 1922. At the time of the cancellation of the lease the plaintiff had an *interessi termini* or the right of possession of a term at a future time. *Tayl. L. & T.,* § 73. In *Young* v. *Duke,* 1 *Seld.* 463, McCoun, J., speaking for the Court of Appeals of the State of New York (at *p.* 467), said:

"From the making of a contract or lease to take effect

afterwards a present interest vests—an *interessi termini*—though not an interest in possession, until the lessee enters upon the possession. 2 *Pres. Shep. T.* 241, 267; 1 *Comst. R.* 311."

What is considered in legal contemplation part performance when the *res* is a lease, not in writing, is well illustrated by the case of *Grant* v. *Ramsay, 7 Ohio* 165, where it was held that a parol lease for more than a year, but less than three, which, by the statute of Ohio, is required to be in writing, will not fall within the operation of the statute provided that the lessee takes possession and has paid rent according to the terms of the lease. English and American cases are cited in support of this declaration.

In the present case, at least, a month prior to the time fixed for the tenant taking possession under the lease, both he and the landlord met and mutually canceled it. The payment of $155 for the first month's rent, viewed in the light of the lease itself, clearly indicates that such payment was made in consideration that the tenant was to take and have possession under the lease at the time fixed therein. The happening of this event was forestalled by the cancellation of the lease by mutual consent. When the lease was then annulled, each of the parties thereto was released from any obligation thereunder, and, therefore, it seems to us unconscionable for the landlord to keep the $155 which was paid to him for the first month's rent, especially as it does not appear that he suffered any loss by the transaction. For aught that appears from the record before us, it might have been at the instance of the landlord and for his benefit that the lease was canceled.

Moreover, we think that the cancellation written on the lease tends to dispel any doubt, if any there could properly be, as to the effect of such cancellation. The parties have expressed their intent in terse terms:

"The landlord shall not be liable to give possession or perform any of its agreements; the tenant shall not be required to pay any rent or perform any of his agreements. Lease is surrendered."

This, in itself, manifestly, subverts the theory of the appellant that the landlord was entitled to retain the money paid him as rent by his prospective tenant. The only permissible inference to be drawn from the agreement of cancellation is that the parties mutually agreed to be restored to the same position they occupied before entering into the lease. This could only be accomplished, so far as the record discloses, by the defendant returning to the plaintiff $155 paid by him as rent.

The judgment is affirmed, with costs.